## P. C. Hanford Oil Company et al.
### v.
## First National Bank of Chicago.

*Voluntary Assignment—Preferences—Note and Warrant of Attorney—Special Agreement.*

A promissory note and warrant of attorney given for a *bona fide* indebtedness before the maker has decided to make a general assignment, creates a valid preference, although given and taken subject to an informal agreement on the part of the maker to notify the holder, if he becomes financially embarrassed, and although he acts upon such agreement after he has decided to make the assignment.

[Opinion filed December 7, 1887.]

In error to the Superior Court of Cook County; the Hon. Henry M. Shepard, Judge, presiding.

This is error to the Superior Court upon a decretal order in a proceeding under the voluntary assignment act.

It appears that the firm of Ferris & Avery, doing business in Chicago as dealers in oils and paints, being in good financial credit, expecting to continue their business and having at that time no intention of making an assignment of their estate for the benefit of their creditors, borrowed, October 13, 1884, of the First National Bank of Chicago, of which they were customers, the sum of $1,500, for which, in the usual course of business, they gave to the bank their promissory note payable

in ninety days, with a warrant of attorney in the usual form, as security, authorizing the entry of judgment on said note at any time before or after the maturity thereof; that said note and warrant of attorney were given and taken subject to an understanding between said bank and their said customers that the latter should notify the former of the happening of anything which would make it expedient for the bank to act upon its said security.

It appears that about December 11, 1884, said Ferris & Avery became seriously embarrassed, ascertained that they were insolvent, and after some delay they decided upon making a general assignment, and instructed their attorney to prepare the instrument, which he accordingly proceeded to do. Afterward, December 17, 1884, the instrument of assignment being nearly, if not quite completed, an assignee selected, who had promised to serve, Mr. Ferris of said firm, and who had negotiated said loan with Mr. Gage, the financial manager of said bank, went to Mr. Gage in pursuance of said arrangement as to notice of any trouble and informed him that his firm was in trouble; thereupon Gage took the note and warrant of attorney to the bank's general attorney and directed him to act in the premises. It appears that judgment was immediately entered upon said note by virtue of said warrant of attorney, in favor of said bank, and execution issued, delivered to the Sheriff, and levied on the stock of goods of Ferris & Avery, before any possession was taken by the assignee, and that the levy was made even before the execution of the assignment was completed and the assignee qualified. An application having been made by the assignee to the County Court for an order upon the Sheriff to turn said goods over to him, subject to the lien of said execution, which was to be first paid, and the bank having consented upon the express condition that its said lien and right should be preserved, on December 18, 1884, the County Court under that application and consent made an order directing the Sheriff to turn over said goods to said assignee, that he sell them and out of said proceeds pay said execution. January 6, 1885, the County Court made a further order modifying the former and authorizing parties in

interest to contest the validity of such execution lien.    January 14, 1885, a petition was filed by P. C. Hanford Oil Company and others, creditors of said Ferris & Avery, asking the court to declare said execution lien invalid on the ground that the act of creating it was the act of Ferris & Avery after they had decided to make a general assignment, was a part of the transaction of making said assignment, and, therefore, was an unlawful preference.    Upon a hearing the County Court sustained the validity of said lien.    Upon hearing, on appeal to the Superior Court, that court also held the same way and dismissed the petition as to said bank.    Upon that order the petitioners bring error to this court.

Messrs. TRUMBULL, WASHBURNE & ROBBINS, for plaintiffs in error.

"When the debtor has formed a determination to voluntarily dispose of his whole estate, and has entered upon that determination, it is immaterial into how many parts the performance or execution of his determination may be broken; the law will regard all his acts having for their object and effect the disposition of his estate as part of a single transaction ; and on the execution of the formal assignment, it will, under the statute, draw to it, and the law will regard as embraced within its provisions all prior acts of the debtor having for their object and purpose the voluntary transfer or disposition of his estate to or for creditors." Preston v. Spaulding, 120 Ill. 208, 217.

The principle of that case would seem to be decisive of the case at bar.    Here the debtors, "conscious of their hopeless insolvency," determined to make an assignment, and "entered upon the execution and performance thereof" by securing from the proposed assignee his consent to act, and having their assignment drawn up.    They seek in the assignment, to prefer defendant in error and another creditor.    Their attorney prevents this.    They then resort to a "shift or artifice, under the form of law," to attain that desired object.    To the other creditor they give a judgment note authorizing immediate judgment.    With the defendant in error this is not necessary

A note of this character, not yet due, but authorizing judgment at any time, is already held by it. But the note lies dormant. The bank is awaiting its maturity, with no intention of acting at present. Some act of the debtors is necessary to attain their object—a preference to this bank. One of them goes to the bank and says: " We are in trouble and are going to make an assignment this afternoon." The attorney of the bank accompanies this debtor to the office of his attorney. There is discussed the question we are now considering. They conclude the statute can be thus evaded. The subsequent acts are then so timed as to attain, it is thought, the original purpose of the debtors—the preference of the defendant in error. All the elements in Preston v. Spaulding are here present, and more—knowledge by the creditor of the contemplated assignment and its collusion with the debtors to evade the statute, while in that case the creditors were "guiltless of any wrong." See Heineman v. Hart, 55 Mich. 76.

The assignee's title as against the execution became perfect by the delivery of the assignment before the execution reached the hands of the Sheriff, although it was not filed for record nor possession obtained under it until after such delivery to the Sheriff. Even where the rule that retention of possession is *per se* conclusive evidence of fraud, the assignee has a reasonable time in which to take possession before the lien of an execution can attach. Seymour v. O'Keefe, 44 Conn. 131; Bump on Fraudulent Conveyances, 135; Reed v. Eames, 19 Ill. 594.

But while this *per se* rule prevails in this State, in transactions between persons in their individual capacities, it has never been yet announced as against an assignee, and should not be.

Mr. ORVILLE PECKHAM, for defendant in error.

McALLISTER, J. The promissory note and warrant of attorney in question, made October 13, 1884, by Ferris & Avery to the First National Bank of Chicago, were given as security for a *bona fide* indebtedness of the makers to the bank, were

designed and intended by the parties to give the bank a preference as respected such indebtedness over all the other creditors of Ferris & Avery; and to make such security effectual as creating a preference, the same was given and taken subject to an informal agreement on the part of Ferris & Avery to the effect that in case financial trouble should afterward overtake them, they should aid the bank in rendering said preference effectual.

The giving of such note and warrant of attorney was nearly two months prior to the time when Ferris & Avery first formed the determination to make a general assignment of all their property for the benefit of their creditors, and while they had full dominion over it.

We are of opinion that, under that state of facts, the acts of Ferris & Avery, or of Mr. Ferris, done after they had formed the purpose of making such general assignment for the purpose and with the view of aiding the bank in rendering its security and intended preference effectual, must be considered as belonging to, and forming a part of, the transaction of creating said preference, and not as forming a part of the transaction of making a general assignment.

The reasoning of Mr. Justice Cole in Sampson v. Arnold, 19 Iowa, 487, *et seq.*, seems to us to be conclusive upon that point. This case is, therefore, distinguishable from that of Preston v. Spaulding, 120 Ill. 208, 217, and not governed by it.

We think the order upon which error in this case is assigned should be affirmed.

*Affirmed.*